## WILLIAM SHURTLEFF & wife *vs.* OLIVER HUTCHINS.

To an action of assault and battery, brought originally in the court of common pleas, by husband and wife, the defendant's specification of defence was thus: " 1. Assault by wife. 2. Self defence. 3. Defence of his property, being tenants in common 4. Tenants in common, and, as such, defendant acted in defence of the property : " At the trial, the plaintiffs admitted that the defendant and they were tenants in common of a farm upon which the assault and battery were committed : A verdict was returned for the plaintiffs, for twelve dollars damage. *Held,* that this was not an action in which the title to real estate was concerned, and that the plaintiffs were entitled, for their costs, under Rev. Sts. *c.* 121, § 3, to no more than one quarter part of said damage.

TRESPASS for an assault and battery alleged to have been committed on the female plaintiff. The defendant pleaded the general issue, and filed the " following specification of the grounds of his defence : 1. Assault by wife of said William. And 2. Self defence. 3. Defence of his property, being tenants in common. 4. Tenants in common, and, as such, defendant acted in defence of the property."

At the trial in the court of common pleas, in which the action was commenced, the plaintiffs admitted that they and the defendant were tenants in common of a farm in Chelmsford, upon which the alleged trespass was committed.

The evidence tended to show that while the defendant was gathering apples, from a tree on the farm, into a basket of his own, the female plaintiff went to him and was about

to overturn the basket of apples, and that thereupon the alleged assault and battery were committed by the defendant. A verdict was returned for the plaintiffs, for twelve dollars damage, and they moved for full costs. *Washburn*, J. before whom the trial was had, overruled the motion, anα directed that judgment should be entered, for costs, for no more than one quarter part of said damages. The plaintiffs thereupon alleged exceptions.

*Farley*, for the plaintiffs.

*Mellen*, for the defendant.

WILDE, J. The only question in this case is, whether the plaintiffs are entitled to full costs ; and that depends on the question whether, by the defence, the title to real estate was concerned or brought in question at the trial. By the Rev. Sts. *c.* 121, § 3, " in all personal actions, except actions of replevin," &c. " in which the title to real estate may be concerned, if the plaintiff shall finally recover any sum not exceeding twenty dollars, for debt or damages, whether in the court of common pleas or in the supreme judicial court, he shall be entitled, for his costs, to no more than one quarter part of the debt or damages so recovered ; " with an exception not applicable to the present case.

One of the specifications of defence was, that the parties were tenants in common, and that the defendant acted in defence of his property. It is not alleged that they were tenants in common of real estate ; but doubtless the specification was so intended to be understood ; and the plaintiffs admitted, at the trial, that they and the defendant were tenants in common of a certain farm upon which the alleged trespass was committed. So that it appears, that in fact the title to real estate was not put in issue, or drawn in question. And the plaintiffs must have known, at the time of bringing their action, that the title to real estate could not be drawn in question, as their subsequent admission proves. And this distinguishes the present case from *Ryder* v. *Hathaway*, 2 Met. 96, on which the plaintiffs' counsel relies. In that case, it did appear that the title to real estate was drawn in question at the first trial, and was then fully tried and

settled ; so that unquestionably the plaintiff was entitled to full costs, although at the second trial the parties were confined to the question of damages. In the present case, we are of opinion that the title to real estate was not put in issue, nor concerned in the trial.

If 't had been necessary for the plaintiffs, in order to support their action, to prove some title to real estate, as in actions of trespass *quare clausum*, and in other actions in which full costs have been awarded, under *Sts.* 1786, *c.* 52, and 1807, *c.* 123, the plaintiffs would be entitled to full costs, although the defendant, at the trial, had admitted their title; because they could not know, when they brought their action, whether it would be admitted, and if not admitted, they would have been bound to prove it; so that the title to real estate might be concerned. No such reason applies to the present case. The title to real estate was not questioned by the parties, and the plaintiffs must have known that it would not be, at the time when they commenced their action.

By the Rev. Sts. *c.* 85, § 3, it is provided that any personal action, pending before a justice of the peace, may be transferred to the court of common pleas for trial, where it shall appear, by the pleadings or otherwise, that the title to' real estate is concerned or brought in question. If this action had been brought before a justice of the peace, it is very clear that it could not have been so transferred, the title being admitted. And for the same reason, we must decide that the plaintiffs are not entitled to full costs, as the action might have been, and should have been, brought before a justice of the peace. *Exceptions overruled.*